I LAUNDERS, Judge.
This appeal arises out of a claim for workers’ compensation benefits filed on behalf on plaintiff-appellant, Sandra Bolton. The workers’ compensation judge denied appellant’s claim for benefits, finding that she was able to engage in part-time work and that she had refused to accept a position made available to her. For the following reasons, we reverse and render.

FACTS

Claimant, Sandra Bolton, was employed as a cafeteria worker at Dry Prong Junior High School in Dry Prong, Louisiana, by the defendant, Grant Parish School Board. She had been employed with the defendant since August of 1989. In the ^course and scope of her employment, on or about October 29, 1991, Ms. Bolton was involved in a accident when she slipped and fell in the cafeteria kitchen, hitting a steel table with her back and striking her head on the floor. The accident was timely reported, and defendant accepted and commenced payment of Ms. Bolton’s Temporary Total Disability benefits (TTD).
During the pendency of the claim, Ms. Bolton sought treatment from Dr. Stewart Phillips, a New Orleans orthopedic surgeon. Ms. Bolton was also examined by Dr. Clifton Shepherd at the request of Grant Parish School Board. Due to a dispute between the medical records and reports of Dr. Phillips and Dr. Shepherd, the Office of Workers’ Compensation appointed Dr. John T. Weiss to perform an independent orthopedic medical examination pursuant to La.R.S. 23:1123.
In June of 1995, Mark Goldich of Crawford and Company, the adjuster handling Ms. Bolton’s claim, sent a job description of a position as an office receptionist to each of the three physicians. This job description clearly stated that the position offered consisted of a three-hour work day. Each physician approved the job description. Ms. Bolton did attempt to return to work at the Grant Parish School Board Office in Colfax, Louisiana, on July 10, 1995. However, she was informed that she was expected to work four hours per day instead of three. Ms. Bolton was only able to work two hours each day on July 10th and 11th due to the pain in her back. After the second day of work, Ms. Bolton concluded that her condition had not improved enough for her to handle the modified position.
When Ms. Bolton attempted the work as a part-time receptionist, her weekly workers’ compensation benefits were terminated. Defendant made no attempt to determine the difference in weekly income between the part-time job and the amount ftthat she was *981 receiving before her injury. Ms. Bolton has been completely "without income or workers’ compensation benefits since July 10, 1995.
On July 20,1995, Ms. Bolton again saw Dr. Phillips, her treating physician, who recommended psychological treatment. Claimant was sent to Dr. James Quillin, a neuropsy-chologist, who, after performing psychological testing, determined that claimant was suffering from depression and also concluded that her subjective pain severity ratings did not appear to be exaggerated.
After receiving claimant’s psychological evaluation, Dr. Phillips opined that Ms. Bolton was a candidate for surgery. Claimant’s request for approval of the surgery was refused by the defendant, and this matter proceeded to trial before the Office of Workers’ Compensation.
The workers’ compensation judge found that Ms. Bolton was able to engage in restricted work activity as of July, 1995, and that she was not entitled to Supplemental Earnings Benefits (SEB) since she refused her employer’s offer of a light-duty position. He further found that the defendant was not liable for further psychological treatment and that the defendant was not arbitrary or capricious in its termination and payment of indemnity or medical benefits.
From this adverse ruling, claimant raises three issues on appeal. Ms. Bolton alleges that the workers’ compensation judge erred in relying upon the opinion of a physician hired for litigation purposes only, rather that relying on the opinions of her treating physician. She further claims that the defendant was arbitrary and capricious in terminating her weekly workers’ compensation benefits as well as in its refusal to provide vocational rehabilitation benefits.

LAW AND ARGUMENT

Physicians’ Opinions:

14Appellant contends that the workers’ compensation judge did not sufficiently consider the opinion of Dr. Phillips, her treating physician, who is the only doctor who had the benefit of examining claimant on numerous occasions. Dr. Shepherd, the physician chosen by defendant, opined in late 1993 that claimant should be released from medical treatment and could return to regular activities. Since this opinion conflicted with the findings of Dr. Phillips, it was within the workers’ compensation judge’s discretion to appoint an independent physician, Dr. Weiss, pursuant to La.R.S. 23:1123. Claimant does not dispute the fact that each of the three physicians concluded that Ms. Bolton was capable of returning to light-duty part-time work in June of 1995.
However, the workers’ compensation judge overlooked or ignored the fact that the position approved for Ms. Bolton by the doctors consisted of only a three-hour work day. After the defendant’s adjuster obtained approval of the three hour per day job, the actual position provided Ms. Bolton was for four hours per day, 33% longer than the job approved by the three physicians. We find this difference to be quite significant, especially considering the nature of claimant’s injury, as well as her continuous complaints of pain. The workers’ compensation judge’s failure to consider this discrepancy amounted to manifest error.
At trial, the defendant introduced into evidence three copies of the job description which were signed (signifying approval) by Dr. Weiss, Dr. Phillips, and Dr. Shepherd. The workers’ compensation judge obviously gave this evidence considerable weight in concluding that Ms. Bolton had not shown by clear and convincing evidence that she was unable to perform the modified position. However, since the job description did not coincide with the actual position provided, we find that her temporary total disability benefits were improperly terminated. As such, Ms. IgBolton is entitled to reinstatement of her weekly benefits, as well as a credit for all unpaid benefits.

Arbitrary and Capricious Termination of Benefits:

In her next assignment of error, claimant contends that the defendant arbitrarily and capriciously terminated her workers’ compensation benefits on July 10, 1995, the date she attempted to return to part-time work. We agree. Although the defendant wrongfully terminated Ms. Bolton’s TTD *982 benefits, this alone did not amount to arbitrary and capricious behavior. However, even assuming that the defendant would have been proper in terminating TTD benefits, there was no basis for terminating all benefits.
Under the guidelines of La.R.S. 23:1221(3), a claimant who is unable to earn wages equal to or greater than ninety percent of her pre-injury wages should receive SEB equal to 66 and 2/3 percent of the difference of what she is earning monthly at the present time, and what she earned monthly prior to her injury. When an employer arbitrarily fails to provide such benefits, Louisiana law provides:
Any employer or insurer who at any time discontinues payment of claims due and arising under this chapter, when such discontinuance is found to arbitrary, capricious or without probable cause, shall be subject to the payment of all reasonable attorney fees for the prosecution and collection of such claims.
La.R.S. 23:1201.2
In finding that the defendant was not arbitrary and capricious in discontinuing benefits, the workers’ compensation judge relied on the case of Fusilier v. Slick Construction Company, 94-11(La.App. 3 Cir. 6/1/94); 640 So.2d 788, which points out that an employee is not entitled to supplemental earnings benefits when an employee has been released by his treating physician to engage in light-duty work and has refused his employer’s offer of a light-duty position.
1 sHowever, Fusilier is clearly distinguishable from the case before us. In Fusilier, the claimant had been offered a light-duty position by the defendant at the same wage that he was earning before the accident. He refused that position without even attempting it. He had also held three jobs in which he was paid at least the same wage he earned before he was injured. Thus, this court found that he was capable of performing work earning at least ninety percent of his previous wage.
In the present case, claimant’s pre-acci-dent weekly wage was $148.75. Her part-time position rate of pay would have been $5.33 per hour which, assuming she had worked twenty hours per week, would have resulted in a weekly wage of $106.60. Since this rate clearly falls below ninety percent of her previous weekly wage, Ms. Bolton was entitled to continue receiving SEB to make up for this difference. Accordingly, pursuant to La.R.S. 23:1201.2, we find that claimant is entitled to an award of attorney’s fees in the amount of $7,500.00. In addition, she is entitled to penalties in the amount of twelve percent of the unpaid TTD benefits due or $50.00 per calendar day, whichever is greater, for each day benefits remain unpaid. This $50.00 per calendar day penalty, if applicable, shall not exceed $2,000.00 in the aggregate. La.R.S. 23:1201(F).

Refusal to Provide Vocational Rehabilitation Benefits:

In her final assignment of error, Ms. Bolton claims that the defendant was arbitrary and capricious in failing to provide vocational rehabilitation services and, as such, is responsible for penalties and attorney’s fees. We decline to rule on this issue, as it is not properly before this court. It is a well settled principle that a reviewing court may not consider contentions which form no part of the pleadings and are raised for the first time on appeal. See Krauss Co. v. Develle, 236 La. 1072, 110 So.2d 104 (1959).
^Pursuant to La.R.S. 23:1226(B)(3), when an employer refuses to provide rehabilitation services, the employee may file a claim with the Office of Workers’ Compensation to review the need for such services in the same manner and subject to the same procedures as established for dispute resolution of claims for workers’ compensation benefits.
In the case before us, the plaintiffs claim for rehabilitation services was never brought up prior to this appeal; it was not included in her disputed claim for compensation, nor was this claim addressed at trial. As such, we find that claimant’s entitlement to rehabilitation services must first be addressed by the Office of Workers’ Compensation pursuant to the guidelines set forth in La.R.S. 23:1226.

DECREE

In light of the foregoing, the holding of the workers’ compensation judge is reversed, and Ms. Bolton’s weekly Temporary Total Dis *983 ability benefits are reinstated. She is further awarded unpaid TTD benefits due, as well as penalties and attorney’s fees as outlined above.
REVERSED AND RENDERED.