730 So.2d 882 (1999)
Sandra BOLTON
v.
GRANT PARISH SCHOOL BOARD.
No. 98-C-1430.
Supreme Court of Louisiana.
March 2, 1999.
Opinion on Rehearing in Part April 5, 1999.
*883 Mark A. Watson, Todd A. Vance, Alexandria, for Applicant.
Larry B. Minton, Alexandria, for Respondent.
PER CURIAM.[*]
We granted certiorari in this worker's compensation case to determine whether the court of appeal erred in reversing the hearing officer's judgment denying claimant benefits.

FACTS AND PROCEDURAL HISTORY
Claimant, Sandra Bolton, was employed by the Grant Parish School Board ("school board") as a cafeteria worker at Dry Prong Junior High School. On October 29, 1991, claimant slipped and fell in the cafeteria kitchen, hitting her back on a steel preparation table and striking her head on the floor. A week after the accident, claimant sought treatment from her family physician for lower back and leg pain, but she was able to work through the remainder of the school term with no apparent difficulty. However, after the Christmas holiday break, claimant's leg pain began to worsen. Early in January 1992, claimant stopped working and the school board commenced payment of worker's compensation benefits.
Dr. Stuart Phillips, an orthopedic surgeon, began treating claimant in January 1993. Dr. Phillips diagnosed claimant as suffering from sacroiliac ("SI") syndrome and speculated that surgery to fuse the SI joint would ultimately be required. Dr. Phillips disqualified claimant from returning to her job at the school cafeteria or to work requiring heavy lifting, bending, stooping, or prolonged *884 standing; he felt claimant could only go back to "some lighter job, if we could identify one."
Claimant was also evaluated by Dr. Clifton Shepherd, an orthopedic surgeon selected by the school board. After two examinations, Dr. Shepherd concluded nothing was wrong with claimant, and he specifically noted no problem with the SI joint. Dr. Shepherd recommended claimant be released from medical care and returned to normal activities and employment.
Given the dramatic difference in the medical opinions of Drs. Shepherd and Phillips, the school board requested that the Office of Workers' Compensation ("OWC") choose a third orthopedic surgeon to examine claimant, pursuant to La. R.S. 23:1123.[1] The physician appointed by the OWC, Dr. John Weiss, opined that claimant suffers from degenerative arthritis of the hip and has some "decreased sensation which is possibly compatible with a little bulge at the lumbosacral disc." However, he disagreed with Dr. Phillips' diagnosis of SI syndrome, because he believed the SI joint to be "very solid." Dr. Weiss recommended that claimant return to "some type of light occupation" that does not involve lifting weight of more than twenty pounds or frequent bending, stooping, walking, or standing; he felt she could perform a "mostly sitting type of occupation."
After receiving Dr. Weiss' report, the school board offered claimant a job answering the telephone at the school board's central office in Colfax, Louisiana. The written description of the part-time receptionist position called for a three-hour work day. All three doctors approved the position for claimant; Dr. Phillips specifically noted that, "[f]rom an orthopaedic standpoint, I believe that Ms. Bolton could handle that job."
Claimant first reported to work on July 10, 1995. The school board set up a desk for her and adjusted a special chair to her specifications. Claimant was told that she could sit down, stand up, or walk around as necessary to be comfortable. She was also told that she could work her scheduled number of hours any way she wished: a few hours in the morning or afternoon each day of the week, or two full days and one half-day per week.[2] On the first day, claimant worked about three hours, then went home, complaining of pain. She returned the following day, worked two hours and then went home, again complaining of pain. Claimant did not return to work thereafter.
Relying primarily on Dr. Weiss' opinion that claimant was able to return to light duty work, the school board terminated claimant's benefits. The school board also refused to approve surgery or further medical treatment on claimant's behalf. Claimant then filed a disputed claim for compensation, maintaining that she was disabled and unable to work because of pain.
A hearing was conducted on the disputed claim before a hearing officer of the OWC. At the conclusion of the hearing, the hearing officer rendered judgment in favor of the school board and dismissed the claim for benefits. The hearing officer found that claimant was not entitled to temporary total disability benefits because she failed to prove by clear and convincing evidence that she could not engage in any employment, and also denied supplemental earnings benefits, apparently on the ground that claimant refused the receptionist position offered by the school board. The hearing officer further determined that the school board was not responsible for providing claimant with further medical treatment, and that the school board had not acted arbitrarily or capriciously in terminating claimant's worker's compensation *885 benefits or in refusing to authorize further medical treatment.
Claimant appealed the hearing officer's judgment. The court of appeal reversed, holding that claimant was entitled to reinstatement of her temporary total disability benefits and to recovery of all past due unpaid benefits.[3] Although the court concluded the termination of temporary total disability benefits alone did not rise to the level of arbitrary and capricious behavior, it found the school board was arbitrary and capricious in failing to pay supplemental earnings benefits, since the receptionist job it offered claimant paid less than ninety percent of her pre-accident wage. Accordingly, the court imposed penalties and attorney's fees against the school board.
Upon the school board's application, we granted certiorari to consider the correctness of this ruling.[4]

DISCUSSION

Temporary Total Disability Benefits
A claimant who seeks worker's compensation benefits on the basis he is temporarily totally disabled must prove by clear and convincing evidence, without taking pain into consideration, that he is unable to engage in any employment or self-employment. La. R.S. 23:1221(1)(c)[5]; Bailey v. Smelser Oil & Gas, Inc., 620 So.2d 277 (La.1993). While the worker's compensation laws are to be construed liberally in favor of the claimant, that interpretation cannot lessen the claimant's burden. Prim v. City of Shreveport, 297 So.2d 421 (La.1974). Disability can be proven by medical and lay testimony. The hearing officer must weigh all the evidence, medical and lay, in order to determine if the claimant has met his burden of proof. Simpson v. S.S. Kresge Co., 389 So.2d 65 (La.1980). This factual finding should be given great weight and should not be overturned absent manifest error. Alexander v. Pellerin Marble & Granite, 93-1698 (La.1/14/94), 630 So.2d 706.
In the instant case, the hearing officer made a finding of fact that claimant was not temporarily totally disabled and that claimant was able to return to restricted work activity as of July 1995. This finding is supported by the record. Claimant's testimony that she is unable to perform any work was not corroborated by the expert testimony. Although there was some disagreement among the three orthopedic surgeons as to the cause and extent of claimant's pain, all of these medical expertsincluding claimant's treating physician[6]indicated that claimant could engage, at a minimum, in light duty work.[7] Accordingly, the hearing officer's judgment denying claimant's request for temporary total disability benefits is not clearly wrong, and the court of appeal erred in reversing this judgment.

Supplemental Earnings Benefits
Supplemental earnings benefits are intended to compensate the injured employee *886 for the wage-earning capacity he has lost as a result of an accident. Banks v. Industrial Roofing & Sheet Metal Works, Inc., 96-2840 (La.7/1/97), 696 So.2d 551. An employee is entitled to receive supplemental earnings benefits if he sustains a work-related injury that results in his inability to earn ninety percent or more of his pre-accident wage. La. R.S. 23:1221(3)(a).
In the instant case, claimant did not specifically put on evidence showing that she was unable to earn ninety percent or more of her pre-accident wage. However, supplemental earnings benefits are considered a lesser included element of temporary total disability benefits. Joseph v. Elmwood Med. Ctr., 98-115 (La.App. 5th Cir.6/30/98), 715 So.2d 703; Graham v. Georgia-Pacific Corp., 26-165 (La.App.2d Cir.9/23/94), 643 So.2d 352; see also Jacks v. Banister Pipelines Am., 418 So.2d 524 (La.1982). Accordingly, the question presented is whether the hearing officer, after rejecting the claim for temporary total disability benefits, should have recognized a claim for supplemental earnings benefits in light of the evidence presented.
The hearing officer made a finding of fact that claimant was unable to return to her pre-accident position. He also found that she could perform the light-duty receptionist position offered by the school board, a position which paid less than ninety percent of claimant's pre-accident wage.[8] Based on these facts, the hearing officer implicitly concluded that claimant was entitled to supplemental earnings benefits, but, citing Fusilier v. Slick Construction Co., 94-11 (La.App. 3d Cir.6/1/94), 640 So.2d 788, declined to award these benefits because claimant refused the receptionist position.
The hearing officer erred in refusing to award any supplemental earnings benefits. If the hearing officer determined that claimant was able to perform the work as a receptionist (a determination that is supported by the record), he should have awarded supplemental earnings benefits equal to sixty-six and two-thirds percent of the difference between the average monthly wages at the time of the injury and the average monthly wages claimant was able to earn as a receptionist. La. R.S. 23:1221(3)(a).

Penalties and Attorney's Fees
Inasmuch as claimant clearly was entitled to supplemental earnings benefits in the amount set forth above, the court of appeal properly held that the employer was liable for penalties and attorney's fees for arbitrary failure to pay these benefits. However, the court of appeal tied the amount of the penalties and attorney's fees to the reinstatement of temporary total disability benefits. Although we have recognized claimant's right to supplemental earnings benefits, we have reversed that portion of the court of appeal's judgment reinstating claimant's temporary total disability benefits. Accordingly, we conclude it is appropriate to vacate and set aside the court of appeal's award of penalties and attorney's fees in that specific amount, and we remand the case to the hearing officer to fix an appropriate amount of penalties and attorney's fees.

DECREE
For the reasons assigned, the judgment of the court of appeal is reversed insofar as it awarded Sandra Bolton temporary total disability benefits and recovery of past due unpaid benefits, and her claim for temporary total disability benefits is dismissed. The judgment of the court of appeal is affirmed insofar as it hold the defendant, the Grant Parish School Board, liable for penalties and attorney's fees, but the specific award is set aside, and the case is remanded to the Office of Workers' Compensation to set the amount of supplemental earnings benefits and to award an appropriate amount of penalties and attorney's fees.

*887 ON REHEARING
PER CURIAM.[**]
The application for rehearing is granted in part.
The workers' compensation judge dismissed plaintiffs claim for total temporary disability and supplemental earnings benefits, and for specific medical expenses. The court of appeal reversed and awarded benefits for temporary total disability, but did not rule specifically on medical expenses. 97-1161 (La.App. 3d Cir.3/6/98), 709 So.2d 979. On certiorari, this court amended the judgment of the court of appeal to award supplemental earnings benefits, rather than benefits for total temporary disability, and remanded to the Office of Workers' Compensation to fix the amount of benefits, as well as the amount of penalties and attorney's fees.
Plaintiff applied for a rehearing, requesting a declaration of entitlement to medical expenses for sacroiliac surgery and for future psychological treatment, which had been denied by the workers' compensation judge, and for other necessary medical treatment. It appears that the workers' compensation judge should rule on this request. We did not grant certiorari on that issue (not addressed by the court of appeal), and we express no view on the issue.
Accordingly, the workers' compensation judge is instructed, on remand, to reconsider, in the light of subsequent rulings in this case by the court of appeal and by this court, his prior rulings on medical expenses for sacroiliac surgery and for future psychological treatment, and to consider the claim for necessary treatment attendant to the disability found by this court. In all other respects, the application is denied.
NOTES
[*] Traylor, J. not on panel. Rule IV, Part II, § 3.
[1] La. R.S. 23:1123 provides:

If any dispute arises as to the condition of the employee, the director, upon application of any party, shall order an examination of the employee to be made by a medical practitioner selected and appointed by the director. The medical examiner shall report his conclusions from the examination to the director and to the parties and such report shall be prima facie evidence of the facts therein stated in any subsequent proceedings under this Chapter.
[2] Claimant was apparently expected to work twenty hours per week. There is no explanation in the record for the discrepancy between her scheduled number of hours and the fifteen hours specified in the written job description for the receptionist position.
[3] Bolton v. Grant Parish Sch. Bd., 97-1161 (La. App. 3d Cir.3/6/98), 709 So.2d 979.
[4] Bolton v. Grant Parish Sch. Bd., 98-1430 (La.9/4/98), 723 So.2d 425.
[5] At the time of claimant's injury in 1991, La. R.S. 23:1221(1)(c) provided as follows:

... [C]ompensation for temporary total disability shall be awarded only if the employee proves by clear and convincing evidence, unaided by any presumption of disability, that the employee is physically unable to engage in any employment or self-employment, regardless of the nature or character of the employment or self-employment, including but not limited to any and all odd-lot employment, sheltered employment, or employment while working in any pain, notwithstanding the location or availability of any such employment or self-employment.
[6] When Dr. Phillips was deposed in May 1996, he still thought claimant could perform the light duty position offered by the school board:

I am still of the opinion that Ms. Bolton can do some work like they have described, those 20 hours a week answering the phone[,] from an orthopaedic standpoint. I think that most people could do that if they were paraplegic in a wheelchair.
[7] The court of appeal found the hearing officer's failure to acknowledge that the doctors approved claimant to work fifteen hours per week, whereas the actual job offered by the school board required her to work twenty hours per week, amounted to manifest error. While we recognize this discrepancy, we fail to see how it alters the hearing officer's finding that claimant was able to work in a light duty position.
[8] Claimant's pre-accident weekly wage was $148.75. The school board's business manager testified that the part-time receptionist position paid $5.33 per hour; if claimant worked a twenty hour week, she would have earned $106.60. Clearly this is less than ninety percent of the wage claimant earned prior to her accident.
[**] Traylor, J., not on panel. Rule IV, Part 2, § 3.