It THIBODEAUX, Judge.
In this workers’ compensation case, plaintiff, Ruby Gaspard, appeals a judgment of the Office of Workers’ Compensation (OWC) in favor of defendant Dollar General Corporation (Dollar General) de *460 nying to her supplemental earnings benefits (SEBs), costs for prescription drugs prescribed by her physician, and attorney fees based on Dollar General’s failure to pay SEBs and prescription drug costs she incurred. The workers’ compensation judge (WCJ) concluded Ms. Gaspard did not carry her burden of proving that she was unable to earn ninety percent of her former wages and thus was not entitled to SEBs or additional medical benefits. Finding that Dollar General was not arbitrary and capricious in the handling of Ms. Gaspard’s case, the WCJ denied awards for attorney fees and penalties.
For the following reasons, we affirm the WCJ’s decision with respect to the denial of SEBs. However, with respect to the additional medical benefits, specifically the payment of Ms. Gaspard’s prescription drug costs, we reverse and award both attorney fees and penalties for Dollar General’s failure to pay those benefits.
Evidence that on May 28, 1998, Ms. Gaspard sustained injuries while in the course and scope of her employment is well-supported and is not in dispute. However, the continuing extent of her damages and the effect those damages have on her ability to work earning ninety percent of her pre-injury wages is in dispute. Ms. Gaspard’s need to continue taking medications for those injuries, regardless of her earning capacity, entitles her to medical benefits. Dollar General did not reasonably controvert this claim. We, therefore, find that Ms. Gaspard is entitled to an award of penalties in the amount of $2,000.00 and attorney fees in the amount of $5,000.00 total for work done at trial and on this appeal.
_L¡i-

ISSUES

We shall consider the following issues on appeal:
(1) whether the WCJ erred in failing to award supplemental earnings benefits as of August 7, 2000, and following;
(2) whether the WCJ erred in failing to address or award pharmaceutical costs for prescriptions that have been prescribed by the treating physician; and,
(3) whether the WCJ erred in failing to award attorney fees associated with both the failure to pay SEBs and the pharmaceutical costs incurred by Ms. Gaspard.
II.

FACTS

Ms. Gaspard was employed as an assistant manager at a Dollar General store in Abbeville, Louisiana. On May 23, 1998, while moving a shelf from the back wall of the store, a battery from an overhead exit sign fell and struck the back of her head and her right shoulder. Initially, Dollar General accepted Ms. Gaspard’s workers’ compensation claim as compensable and began paying her medical expenses as well as temporary total disability (TTD) benefits. Ms. Gaspard filed a claim in 2001 disputing the amount Dollar General paid in TTD benefits asserting that the amount was too low. She also claimed that she should have been paid SEBs through the date of August 7, 2000. On July 26, 2001, Dollar General and Ms. Gaspard entered into a compromise agreement where Dollar General paid $3,800.00 in back due compensation benefits and $2,500.00 in attorney fees.
Subsequently, on August 31, 2001, Ms. Gaspard filed another petition for workers’ compensation benefits. In that complaint Ms. Gaspard sought SEBs for |3the time after August 7, 2000. She also complained *461 that Dollar General paid for her treatment by Dr. Joseph Gillespie, but did not pay for the medication he prescribed that helped to alleviate the symptoms she experienced as a result of her 1998 work-related accident.
A trial of this matter was held on March 26, 2002. Dollar General stipulated to the occurrence of Ms. Gaspard’s accident as well as her average weekly wage rate of $240.05, with a corresponding monthly wage rate of $1,032.22. Ms. Gaspard testified that she remained in pain and paid for prescription medicine out of her own pocket. With respect to her claim for SEBs, Ms. Gaspard presented the records of Dr. Gillespie that restricted her to sedentary and light activity. Dollar General showed that Ms. Gaspard’s doctors failed to restrict the number of hours that she could work. Further, Dollar General offered Ms. Gaspard the opportunity to return to her former employment at her former salary level. She refused. Eventually, Ms. Gaspard returned to work as a clerk at the store, but she voluntarily chose to work less hours than that available to her.
Also at trial, Dollar General contended that it was unnecessary for Ms. Gaspard to continue seeing her doctor or to even be prescribed medication as she had reached maximum medical improvement (MMI). The WCJ agreed with Dollar General and ruled in favor of Dollar General on all issues. It is from this decision that Ms. Gaspard appeals.
Jin.

LAW AND DISCUSSION

Supplemental Earnings Beneñts

In Palmer v. Schooner Petroleum Services, 02-397, pp. 11-12 (La.App. 3 Cir. 12/27/02); 834 So.2d 642, 650-51, we stated the following with respect to a claimant’s entitlement to SEBs:
Integral to an employee’s claim for SEBs is his proof by a preponderance of the evidence that he is disabled due to a work-related injury that rendered him unable to earn ninety percent of his pre-injury wages. “In determining if an injured employee has made out a prima facie case of entitlement to supplemental earnings benefits, the trial court may and should take into account all those factors which might bear on an employee’s ability to earn a wage.” Daigle v. Sherwin-Williams Co., 545 So.2d 1005, 1007 (La.1989); La.R.S. 23:1221(3)(a). Once the employee seeking SEB establishes his prima facie case, the burden shifts to the employer to show that the employee is physically capable of work and that the work was offered or available in the employee’s or employer’s community or reasonable geographic region. La.R.S. 23:1221(3)(c)(i). If the employer meets this burden of proof, then the employee must show by clear and convincing evidence, unaided by any presumption of disability, that he is unable to perform the employment offered or available solely as a consequence of substantial pain. La.R.S. 23:1221(3)(c)(ii); Moore v. Sanderson Farms, Inc., 95-2042, p. 8 (La.App. 1st Cir.5/10/96); 674 So.2d 478, 483, writ denied, 96-1399 (La.9/13/96); 679 So.2d 106.
Essentially, Dollar General argues that it is Ms. Gaspard’s refusal to accept employment that fits within her limitations which is made available to her that precludes an award of SEBs. In other words, “[t]he SEB statute does not permit a claimant to choose not to work and still collect SEB when he is physically able to work and jobs are available.” Blanchard v. Federal Express Corp., 95-0349, p. 13 (La.App. 1 Cir. 11/9/95); 665 So.2d 11, 13.
IfiDollar General has not paid Ms. Gas-pard SEBs since August 8, 2000. She testi *462 fied that over the past two years, she was treated by Dr. Gillespie, a pain management physician. Her treatment consisted of injections into trigger points in her muscles behind her neck. Ms. Gaspard further testified that she sees Dr. Gillespie once a month. Dr. Gillespie also prescribed medications to treat Ms. Gaspard’s pain. Dollar General did not pay for those medications. Ms. Gaspard also testified she believed Dollar General continued to pay her medical expenses related to her visits to Dr. Gillespie’s office.
Subsequent to her August 2000 workers’ compensation settlement, Ms. Gaspard worked for Dollar General on a light duty basis as prescribed by her doctor. She testified that she is unable to do any heavy or overhead lifting. Ms. Gaspard also testified that she is not working the same number of hours that she worked previous to her accident. Dollar General limited her working hours to sixteen to twenty-two hours per week although her salary is higher than the other employees. However, at trial, Dollar General produced records revealing that sometimes Ms. Gas-pard works twenty-seven hours per week. Dollar General also offered her eight-hour per day work hours which she refused. Ms. Gaspard testified that she once worked an eight-hour day, but told her supervisor that she could not continue to work eight hours per day. Further, Ms. Gaspard admitted that none of her doctors, all chosen by her, ever disabled her from working and that, with the exception of Dr. Gillespie, all of her 'doctors have- discharged her from their care. Most importantly, none of her doctors restricted the number of hours that Ms. Gaspard could work. The only restriction placed on Ms. Gaspard’s work ability is the type of work she is able to do.
At the time of trial, Ms. Gaspard was working at a Dollar General store between sixteen and twenty-seven hours per week at a rate of $6.50 per hour. At the | fitime of her injury, she was paid $5.95 per hour. She also admitted that Dollar General is accommodating her physical restrictions by not requiring her to unload the delivery truck, lift anything over twenty pounds, or lift anything above her shoulders. On March 24, 1999, Ms. Gaspard’s physical medicine and rehabilitation doctor, Dr. Normand Anseman, released her for “full-work activities.” It was at that time Dollar General offered Ms. Gaspard the opportunity take a certification test so that she could return to her position as an assistant manager. Ms. Gaspard refused to take the written exam and shortly thereafter, Dollar General hired another assistant manager. Another of Ms. Gas-pard’s doctors, Dr. Ric Leoni, a neurosurgeon, returned her to work on September 1, 1999, to light-duty work. He put no restrictions on the number of hours Ms. Gaspard could work. In a letter dated March 17, 2000, Dr. Gillespie noted that Ms. Gaspard had reached maximum medical improvement and has permanent restriction to light-duty work. In a June 12, 2000, letter to Dollar General, Dr. Gillespie indicated that Ms. Gaspard could work a forty-hour week. The doctor said the same with respect to the number of hours Ms. Gaspard could work in an August 18, 2000, letter to Dollar General.
Marian Arabie, the Dollar General assistant manager at the store at the time of Ms. Gaspard’s accident and at the time of trial testified regarding Dollar General’s offer of work. With respect to the assistant manager certification test, Ms. Arabie testified that it is only a two hour test and that Ms. Gaspard was offered the opportunity to take it several times, but refused, stating that she could not sit for two hours. Ms. Arabie’s testimony on the length of the test was contrary to that of Ms. Gas-pard who testified that it is a four hour *463 test. Ms. Gaspard testified that Dollar General did not offer her more hours. To the contrary, Ms. Arabie testified that she offered to allow her to work all day on Sundays, but Ms. Gaspard told her she could [7not work a full day. Because Ms. Gaspard refused to work a full day on Sundays, Ms. Arabie had to split the day with another employee. Ms. Arabie offered Ms. Gaspard a full day work several times and she testified that Ms. Gaspard’s response was always that she could not work a full day. She further testified that Ms. Gaspard’s refusal makes it difficult for her to work a forty-hour week.
The OWC concluded that Ms. Gas-pard failed to make out a prima facie case of her entitlement to SEBs. We agree. Ms. Gaspard’s physical restriction is that she do only light-duty work. Her treating physician did not limit the number of hours she could work in a day. Dollar General offered more work hours, but she refused its offer. “[A]n employee is not entitled to supplemental earnings benefits when an employee has been released by his treating physician to engage in light-duty work and has refused his employer’s offer of a light-duty position.” Bolton v. Grant Parish Sch. Bd., 97-1161, p. 5 (La.App. 3 Cir. 3/6/98); 709 So.2d 979, 982, writ granted, 98-1430 (La.9/4/98); 723 So.2d 425, modified by, 98-1430 (La.3/2/99); 730 So.2d 882, on other grounds, (citing Fusilier v. Slick Construction Company, 94-11(La.App. 3 Cir. 6/1/94); 640 So.2d 788). Unlike the plaintiff in Bolton, had Ms. Gaspard not refused Dollar General’s offer to work additional hours, she would have been earning the same wages she earned pre-injury. Thus, the OWC did not err in its conclusion that Ms. Gaspard was not entitled to supplemental earnings benefits.

Payment of Pharmaceutical Costsl Penalties and Attorney Fees

Ms. Gaspard contends that the WCJ erred in failing to award penalties and attorney fees for Dollar General’s failure to pay for drugs prescribed by her treating physician, Dr. Gillespie. Ms. Gas-pard argued at trial that because Dollar General paid for her treatment by Dr. Gillespie, it did not reasonably controvert her need for medicine he prescribed in connection with her treatment.
1 sWe note that the WCJ failed to address the issue of Dollar General’s liability for payment of Ms. Gaspard’s pharmaceutical costs for prescription medicines ordered by her treating physician. Ms. Gaspard submitted prescription medicine expenses in the amount of $521.77. It is well settled that a written judgment, silent as to an issue, is to be construed as a rejection of the relief requested on that issue. Danzey v. Evergreen Presbyterian Ministries, 95-167 (La.App. 3 Cir. 6/7/95); 657 So.2d 491.
Penalties and attorney fees do not automatically result from an employer’s erroneous failure to pay benefits. Miles v. F.D. Shay Contractor, Inc., 626 So.2d 74 (La.App. 3 Cir.1993). The statutes only authorize such penalties and attorney fees where the employer does not reasonably controvert the claim. The provisions are penal in nature and must be strictly construed so that employers are not penalized for contesting a close factual question in a workers’ compensation proceeding and relying on valid defenses. Id. However, in Stegall v. J & J Exterminating, 94-1279, p. 6 (La.App. 3 Cir. 3/1/95); 651 So.2d 400, 403, we held that an employer “may not proceed with an attitude of indifference to the injured worker’s situation.” An unjustified belief that an injury did not result from an accident does not excuse a failure to pay workers’ compensa *464 tion benefits. Nelson v. Roadway Express, Inc., 588 So.2d 350 (La.1991). The determination of whether an employee may be awarded penalties and attorney fees is a question of fact which we will not disturb on appeal absent a finding of manifest error. Lyons v. Bechtel Corporation and AIU, 00-0364 (La.App. 3 Cir. 12/27/00); 788 So.2d 34, writ denied, 787 So.2d 966 (La.3/23/01). A review of the record supports our conclusion that Dollar General did not reasonably controvert Ms. Gaspard’s assertion that it unreasonably failed to pay for prescribed medications.
19P ollar General maintains that its decision not to pay for Ms. Gaspard’s prescription medicines was made because there was no need for her to continue seeing Dr. Gillespie. Furthermore, her need for the medication was due to her physical de-conditioning as opposed to any injuries that resulted from her 1998 work-related accident. To further support its position that Ms. Gaspard is not entitled to have her prescription medication paid by Dollar General, it relied upon physician reports dated prior to August 7, 2000, noting that Ms. Gaspard had reached maximum medical improvement. However, there was no evidence that Ms. Gaspard did not continue with some sort of residual injuries from the accident.
The only evidence presented at trial was Ms. Gaspard’s testimony and medical records indicating that she continued treating with Dr. Gillespie subsequent to August 7, 2000, the date of the settlement agreement. Ms. Gaspard testified that Dr. Gillespie continued to prescribe medications and treat her for pain related to her 1998 on-the-job accident. Dollar General did not present any evidence, other than pre-2000 medical records, to refute Ms. Gaspard’s evidence that her treatment by Dr. Gillespie resulted from the work accident. Dollar General did not pay for the drugs prescribed by Dr. Gillespie nor did it reasonably controvert Ms. Gas-pard’s necessity for the medication and its failure to do so. Further, it appears that the WCJ committed an error of law when she implied that Ms. Gaspard’s failure to prove that she could not earn ninety percent of her pre-injury wages is somehow connected to her entitlement to payment of additional medical benefits when she stated in the judgment that “The employee ... did not carry her burden of proving that she is unable to earn 90% of her former wages; hence [she] is not entitled to SEB nor additional medical benefits.” (Emphasis added). A claimant’s non-entitlement to SEBs does not equate to non-entitlement to medical benefits. To the extent the WCJ’s judgment concludes |insuch a connection exists, we find it to be error. Thus, we find that the WCJ erred in failing to award penalties and attorney fees for Dollar General’s failure to authorize payment of Ms. Gaspard’s prescription medications. Therefore, pursuant to La. R.S. 23:1201, we award Ms. Gaspard $2,000.00 in penalties, attorney fees of $3,000.00 for work done at trial and attorney fees of $2,000.00 for work done on this appeal. We also award Ms. Gaspard the amount of her proven prescription medical expenses of $521.77.
IV.

CONCLUSION

For the reasons assigned, the judgment appealed from is affirmed insofar as it holds that Ms. Ruby Gaspard is not entitled to workers’ compensation supplemental earnings benefits. The OWC judgment is reversed and set aside insofar as it holds that Ms. Ruby Gaspard is not entitled to payment for medicines prescribed by her treating physician and in failing to find that Dollar General Corporation did not reasonably controvert Ms. Ruby Gaspard’s *465 entitlement to prescription medicine expenses. We amend the judgment and order that there be judgmeni in favor of Ms. Ruby Gaspard and against Dollar General Corporation in the sum of $2,000.00 for penalties and $3,000.00 in attorney fees for work done at trial and $2,000.00 in attorney fees for work done on this appeal as well as the cost of her prescription medicine expenses in the amount of $521.77. Costs of this appeal are to be borne by Dollar General Corporation.
AFFIRMED IN PART, REVERSED IN PART, AMENDED IN PART, AND RENDERED.