984 So.2d 777 (2008)
Zorronn SARTIN
v.
LSU/BOGALUSA MEDICAL CENTER.
No. 2007 CA 1367.
Court of Appeal of Louisiana, First Circuit.
February 8, 2008.
Carl Perkins, Covington, Louisiana, for Plaintiff/Appellant, Zorronn Sartin.
John Ray, Baton Rouge, Louisiana, for Defendant/Appellee, LSU/Bogalusa Medical Center.
Before GAIDRY, McDONALD, and McCLENDON, JJ.
McCLENDON, J.
Plaintiff, Zorronn Sartin, filed a disputed claim for workers' compensation alleging a disability and requesting the reinstatement of benefits by the defendant, State of Louisiana through the LSU/Bogalusa Medical Center (medical center), who was Mr. Sartin's employer. The medical center filed a reconventional demand asserting a forfeiture of rights by the claimant based on alleged false statements made to the medical center. After a hearing, *779 the workers' compensation judge (WCJ) denied the claim for reinstatement of benefits, finding that Mr. Sartin was able to work. The WCJ also dismissed the medical center's reconventional demand. Mr. Sartin appealed. We affirm.

PROCEDURAL BACKGROUND AND FACTS
Mr. Sartin sustained a work injury in August of 2005, underwent surgery on his shoulder, and received workers' compensation benefits for that injury. By letter dated April 20, 2006, Mr. Sartin's surgeon, Dr. Paul Doty, noted improved range of motion and released Mr. Sartin to light duty "for the next two months as he continues to recover."[1] At a subsequent workers' compensation hearing, Mr. Sartin testified that he was terminated at the time of the light duty release because the medical center had no light duty jobs, and the benefits were stopped. However, on April 16, 2006, prior to the release to light duty during his recovery, Mr. Sartin had already applied for unemployment benefits. In early May of 2006, a notice of determination on the claim for unemployment benefits was issued with the following language: "You have presented medical information reflecting your ability to work. You applied for reinstatement in your job, but no work was available. Your separation was due to lack of work and not for misconduct connected with the employment." (Emphasis added.) When the unemployment benefits ended, Mr. Sartin filed the disputed claim for workers' compensation before us on appeal.
At the workers' compensation hearing on January 29, 2007, Dr. Doty did not testify in person or by deposition, and the record before us contains no expert medical evidence on Mr. Sartin's inability to work after April of 2006. Only Mr. Sartin testified at the hearing. He asserted that he was still unable to do heavy or repetitive lifting. In response to questioning about the unemployment application, he explained that he requested unemployment benefits after his termination because an adjuster told Mr. Sartin that the compensation insurer would not pay benefits after the release by Dr. Doty.
Among other exhibits, the defendant medical center introduced the notice of determination on Mr. Sartin's claim for unemployment benefits, which stated that Mr. Sartin had presented himself as able to work,[2] and three compact discs containing surveillance pictures and video of Mr. Sartin. The pictures and video showed Mr. Sartin repetitively bending to fuel a lawnmower, unloading and loading lawnmowers from a truck, mowing for an extended period of time, and using a weed eater.
Although no particular category of disability is asserted, Mr. Sartin argues on appeal that the medical record was sufficient to establish a disability of some kind. Thus, he believes that benefits should have been reinstated. Secondly, he argues that, if a reinstatement should have been awarded, the trial court erred in failing to award penalties and attorney fees based on the medical center's arbitrary and capricious behavior in denying him benefits.
*780 Contrarily, the medical center asserts that the record does not support a continuing disability or inability to work. In addition, in the absence of sufficient evidence that Mr. Sartin could not earn ninety percent of his former wage because of the work related injury, he failed to meet his burden of proof for an award of supplemental earnings benefits(SEB). Therefore, Mr. Sartin did not establish a basis for reinstatement of benefits.

STANDARD OF REVIEW
In a workers' compensation case, as in other cases, the appellate court's review of factual findings is governed by the manifest error or clearly wrong standard. The two-part test for the appellate review of a factual finding is: 1) whether there is a reasonable factual basis in the record for the finding of the trial court, and 2) whether the record further establishes that the finding is not manifestly erroneous. Thus, if there is no reasonable factual basis in the record for the trial court's finding, no additional inquiry is necessary. However, if a reasonable factual basis exists, an appellate court may set aside a trial court's factual finding only if, after reviewing the record in its entirety, it determines the trial court's finding was clearly wrong. Cooper v. St. Tammany Parish School Board, 2002-2433, p. 4 (La.App. 1 Cir. 11/7/03), 862 So.2d 1001, 1005 (and cases cited therein), writ denied, XXXX-XXXX (La.4/23/04), 870 So.2d 300.
In applying this standard, the appellate court must determine not whether the trier of fact was right or wrong, but whether its conclusion was a reasonable one. Where there are two permissible views of the evidence, a fact-finder's choice between them can never be manifestly erroneous or clearly wrong. Thus, if the factual findings are reasonable in light of the record reviewed in its entirety, the court of appeal may not reverse, even if convinced that had it been sitting as the trier of fact, it would have weighed the evidence differently. Cooper, 2002-2433 at p. 4, 862 So.2d at 1005-06 (and cases cited therein).

SUPPLEMENTAL EARNINGS BENEFITS (SEB)
The purpose of SEB is to compensate the injured employee for wage-earning capacity he has lost as a result of his work related accident. Entitlement to SEB is provided by LSA-R.S. 23:1221(3), under which the threshold prerequisite to recovery is that the employee's injury results in his inability to earn wages equal to ninety percent of the wages he was earning at the time of the injury. The injured employee bears the burden of proving by a preponderance of the evidence that the injury resulted in his inability to earn that amount in any employment. A claimant is not entitled to SEB when the inability to earn wages equal to ninety percent of her pre-injury wages is due to circumstances other than his work-related injury. A claimant's testimony that he is no longer able to return to his pre-injury employment, without more, is insufficient to prove entitlement to SEB. Whether a claimant has carried his burden of proof is a question of fact to be determined by the WCJ. Cooper, 2002-2433 at pp. 4-5, 862 So.2d at 1006 (and cases cited therein).

ANALYSIS
Having reviewed the record in its entirety, we find there is reasonable support for the WCJ's factual findings and conclusions. More specifically, based on the evidence, including the surveillance video and the representations made in seeking unemployment benefits, considered in light of the absence of medical opinion after Mr. Sartin was released to light duty, we cannot say that the WCJ *781 was clearly or manifestly wrong in his credibility determinations. See Cooper, 2002-2433 at p. 4, 862 So.2d at 1005. The medical record here is not sufficient alone to establish a continued disability or inability to work, and the WCJ clearly did not accept the claimant's allegations on that issue. In addition, the evidentiary record before us contains insufficient proof that Mr. Sartin was unable to earn ninety percent of his pre-injury wage as a result of the work related accident; the threshold proof to qualify for SEB. Thus, we find no basis for reversal of the WCJ's denial of reinstatement of benefits. In failing to establish his claim, plaintiff also failed to show error in the WCJ's denial of an award of penalties or attorney fees based on the alleged arbitrary or capricious behavior by the medical center in refusing to reinstate benefits.
For these reasons, we affirm the judgment. The costs of the appeal are assessed to plaintiff, Zorronn Sartin.
AFFIRMED.
NOTES
[1] The letter also instructed Mr. Sartin to return in one month for a check-up. In his deposition, Mr. Sartin testified that he did return in May of 2006. However, the record before us does not contain a record of the visit.
[2] In its appellate brief, the medical center cites LSA-R.S. 23:1600, which provides that an individual may qualify for unemployment benefits if the claimant is "able to work, available for work, and is conducting an active search for work." LSA-R.S. 23:1600(1) & (3)(a).