JjWILLIAM H. BYRNES, III, Chief Judge.
The claimant, Darryl Thibodeaux, appeals a workers’ compensation judgment that found that Thibodeaux had not carried his burden of proof that he suffered from a low back disability due to the work-related accident. We affirm.
On July 8, 1998, Darryl Thibodeaux, an employee of the Sewerage and Water Board of New Orleans (“S & WB”), was a passenger in a S & WB pickup truck that was struck in the rear by another vehicle. The accident occurred while Thibodeaux was working in the course and scope of his employment. An hour after the accident Thibodeaux refused to be drug tested. After a hearing, Thibodeaux chose to enter a rehabilitation program rather than be terminated; however, he failed to enter a rehabilitation program.
On July 13, 1998, Thibodeaux was treated for headaches at the New Orleans East branch of Ochsner Clinic. At that time, he did not report the accident or injury from the accident. On July 16, 1998, Thibo-deaux returned to the clinic without an appointment and complained of increased headache pain and back pain. On July 20, 1998, Thibodeaux first complained of injury from the accident. | ¿Thibodeaux did not report an injury to his supervisors during the weeks after the accident.
On July 28, 1998, Thibodeaux filed a petition for workers’ compensation benefits. After a trial on June 29, 2000, the workers’ compensation judgment found that the “Claimant has not carried his burden of proof that he suffers from a low back disability due to the [July 8, 1998] work-related accident.” Further, the judgment held that the “Claimant has not carried his burden of proof that he cannot return to his prior employment due to any work-related disability.” The workers’ compensation judge found that Thibodeaux “has carried his burden of proof that the work-related accident aggravated his headaches.” The judgment provided that Thi-bodeaux “is entitled to all necessary and reasonable medical expenses for those headaches.” The workers’ compensation judge held that “Claimant has not carried his burden of proof that he is entitled to any indemnity benefits,” and that “Defendant has reasonably controverted all appropriate issues.” The judgment also stated that “The refusal of the drug testing does not bar this claimant from receiving workers compensation.” Costs were as *845 sessed against the defendant, S & WB. Thibodeaux’s appeal followed.
On appeal, Thibodeaux contends that the workers’ compensation judge erred in finding that he had not carried his burden of proof that: (1) he suffered from a low back disability due to the work-related accident; (2) he cannot return to his prior employment due to any work-related disability; and (3) he is entitled to any |3mdemnity benefits. Thibodeaux also claims that the workers’ compensation judge erred in finding that the S & WB reasonably controverted all appropriate issues.
La. R.S. 23:2031 provides compensation if an employee sustains personal injury as the result of an accident arising out of and in the course of employment. Daspit v. Southern Eagle Sales & Services, Inc., 98-1685 (La.App. 4 Cir. 1/20/99), 726 So.2d 1079. To recover workers’ compensation benefits, an employee must show that he received a personal injury by an accident arising out of and in the course and scope of his employment, and that his injury necessitated medical treatment or rendered the employee disabled, or both. Haws v. Professional Sewer Rehabilitation, Inc. 98-2846 (La.App. 1 Cir. 2/18/00), 763 So.2d 683. The claimant has the burden of proof to establish a work-related injury by a preponderance of the evidence. Daspit, supra. Claimants in a workers’ compensation proceeding have the initial burden of proof as to causation. Dean v. K-Mart Corp., 97-2850 (La.App. 4 Cir. 7/29/98), 720 So.2d 349, writ denied 98-2314 (La.11/13/98), 731 So.2d 265. The workers’ compensation claimant must prove by a preponderance of the evidence that an employment accident had a causal relationship to the disability; if the testimony leaves the probabilities evenly balanced, the claimant has failed to carry the burden of persuasion. Harvey v. Bogalusa Concrete, Inc., 97-2945 (La.App. 1 Cir. 9/25/98), 719 So.2d 1130. Once the injured employee carries his initial burden of proving a causal connection between the accident and his disabling condition, the burden shifts to the employer to produce evidence that it is more probable than not that the injury was not caused [4by a work related accident. Burrell v. Evans Industries, 99-1194 (La.App. 5 Cir. 4/25/00), 761 So.2d 618, writ denied 2000-1493 (La.6/30/00), 766 So.2d 545.
The appellate court’s review of the findings of fact is governed by the manifest error or clearly erroneous standard in a workers’ compensation case. Freeman v. Poulan/Weed Eater, 93-1530 (La.1/14/94), 630 So.2d 733, 737. Where there is a conflict in the testimony, reasonable evaluations of credibility and reasonable inferences of fact should not be disturbed upon review. Virgil v. American Guarantee & Liability Ins. Co., 507 So.2d 825 (La.1987).
At issue in the present case is whether the claimant showed that the accident caused the claimant’s back injury. The claimant did not report a back injury on the day of the accident. He returned to work the next day. Lawrence Brue, his co-employee testified that after the accident, Thibodeaux and Brue went to the jobsite and assisted in laying out fire-type hoses and rolling up hoses. The work required stooping and bending. Brue stated that Thibodeaux did not complain of pain or appear to be injured on that date. That day, Thibodeaux did not claim that he was injured when he met with his supervisor, Harry Head, to discuss not returning to work when he refused to be tested for substance abuse.
The Ochsner medical records show that prior to the accident, Thibodeaux saw Dr. William R. Brandon on May 29, 1998, com *846 plaining of headaches. After the accident, Thibodeaux went to Ochsner Clinic to complain about headaches that had been “cross his forehead for several months.” Norflex was prescribed with Fiorcet, which previously had been prescribed for his treatment for headeaches.
|,/Thibodeaux stated that his back pain started a couple of days after the accident. The first clinical notation of his back pain was on July 20, 1998. On November 25, 1998, Dr. Brandon noted that when he saw Thibodeaux on July 20, 1998, the doctor did not say Thibodeaux was disabled, and Dr. Brandon opined that Thibodeaux should have returned to work before August 31,1998.
Dr. Robert L. Mimeles, Orthopedic Consultant, Occupational Health Center, examined Thibodeaux on February 11, 1999. He noted that if Thibodeaux suffered a soft tissue injury, it would have resolved on the date of his February 11 examination. According to Dr. Mimeles’s report of February 18, 1999, the MRI was unremarkable and showed no structural or mechanical problems. Dr. Mimeles found that Thibodeaux could engage in gainful employment.
Dr. Fritz Fidele, a chiropractor, noted in his January 21, 1999 report that he examined Thibodeaux at the Plaza Medical Center. He found that Thibodeaux had an acute, moderate lumbosacral strain, low back pain and spinal biomechanical dysfunction. Dr. Fidele signed a disability certificate on August 31, 1998 that stated that Thiboeaux had been under his care and was totally incapacitated from August 31, 1998 until further notice. Dr. Fidele referred Thibodeaux to an orthopedist.
On September 7, 1999, Dr. Kenneth Adatto, an orthopedic surgeon, initially saw Thibodeaux at the Louisiana Clinic over a year after the accident. He found that at the L5 SI level, Thibodeaux had a moderately positive provocation response on discography and a negative CT disco-gram. He noted the July 8, 1998 | ^accident and found that Thibodeaux had a total temporary disability status. He last saw Thibodeaux on November 29, 1999.
In the present case the record provides conflicting testimony and evidence of the claimant’s back injury. Where documents or objective evidence so contradict the witness’s story, or the story itself is so internally inconsistent or implausible on its face that a reasonable fact finder would not credit the witness’s story, the court of appeal may well find manifest error or clear wrongness even in a finding purportedly based upon a credibility determination. Bruno v. Harbert Intern., Inc., 593 So.2d 357 (La.1992), citing Rosell v. ESCO, 549 So.2d 840, 844-15 (La.1989). But where such factors are not present, and a fact finder’s opinion is based on its decision to credit the testimony of one of two or more witnesses, that finding can virtually never be manifestly erroneous or clearly wrong. Bruno, supra.
In the present case, according to Dr. Fidele’s January 21, 1999 letter to the claimant’s attorney, the “patient attributed the above symptoms to an accident which occurred on 07/08/98.” Dr. Fidele, stated under “ASSESSMENT/PLAN” that: “The patient sustained the above referenced injury as a result of an accident on 07/08/98.” In his reports, Dr. Adatto listed his diagnoses on different dates, but the documents do not provide whether the injury was caused by the July 8, 1998 accident. Although the chiropractor, Dr. Fi-dele, and the orthopedist, Dr. Adatto, found that Thibodeaux had a back injury, Dr. Brandon found no disability. In his February 18, 1999 letter to the S & WB, Dr. Mimeles stated: “Amy soft tissue injury 17oecurring in July of 1998 would have *847 long since resolved. It would be my opinion this gentleman could be back at full gainful employment.” In other words, if the claimant had suffered a soft tissue back pain injury from the accident, it would have resolved within six months. Thibodeaux continued to complain of back pain after six months from when the .accident occurred, indicating that the back injury was not related to the July 8, 1998 accident.
Considering the conclusions of Dr. Brandon and Dr. Mímeles, we cannot find that the workers’ compensation judge was clearly wrong in holding that the claimant did not carry his burden of proof that his back injury was caused by the accident or that Thibodeaux failed to prove that he could not return to work. These findings negate Thibodeaux’s claim that he is entitled to indemnity benefits for the back pains, and his claim that the defendant did not controvert all appropriate issues.
Accordingly, the judgment of the workers’ compensation court is affirmed.

AFFIRMED.