MAMES F. McKAY III, Judge.
The claimant, Anthony Dellavalle, appeals the judgment of the Office of Workers’ Compensation (OWC) judgment denying his claim for benefits. The OWC judge found that the claimant failed to meet his burden of proof by a preponderance of the evidence that he was entitled to OWC benefits.
*718 The defendant, Dynegy Midstream Services (Dynegy), employed Anthony Della-valle for the past ten years in the area of electrical maintenance. His daily job activities involved lifting heavy weights and manual labor. It is alleged that on April 28, 2000, Mr. Dellavalle suffered a heart attack, which resulted in an emergency angioplasty and stint insertion.[1] On May 1, 2000, his doctor, Shmuel Shapira, discharged him and placed him in cardiac rehabilitation. On June 22, 2000, he returned to his job at Dynegy, after being compelled to return by the plant manager, Mr. Bryan Crimson; apparently, the requisite company paperwork and procedure had not been completed.[2] On July 16, 2000, he assisted a co-worker, Stanley Dousette, in the removal of a sponge oil pump motor, which entailed | {.removing bolts from a motor. During this activity, Mr. Dellavalle allegedly experienced upper torso pain or chest pains and neck pains. His supervisor and plant manager, Bryan Crimson, ordered him home and suggested that he make an appointment with his cardiologist. He made an appointment with his cardiologist, Dr. Saroj T. Tampira, who ordered additional testing. On July 27, 2000, Dr. Tampira conducted an angio-gram. The following day he performed a second angioplasty in an attempt to alleviate Mr. Dellavalle’s pain; these procedures did not alleviate Mr. Dellavalle’s pain. He visited Dr. Tampira again on August 14, 2000 and August 18, 2000, complaining of severe pain. Dr. Tampira ordered x-rays to rule out any possible causes of pain other than cardiac pain. The x-ray revealed two ruptured discs. He was referred to a neurosurgeon, Dr. Bryant G. George, Sr., and a pulmonologist, Dr. Joe Johnson. Dr. George ordered an MRI, which was performed on September 6, 2000. The MRI revealed a left side disc herniation at the C5-6 and C6-7 levels. Dr. George recommended surgery.[3] Mr. Dellavalle made a claim for workers’ compensation benefits relevant to his asserted work related accident, which he claims occurred on July 16, 2000. Dynegy rejected this demand.
The matter went to trial on May 16, 2002. The OWC judge held that the claimant failed to prove by a preponderance of the evidence that an accident occurred at work. Claimant’s motion for a new trial was denied. Mr. Dellavalle now appeals the judgment of the OWC.
pOn appeal, Mr. Dellavalle contends that the OWC erred in its findings that he had not carried his burden of proof that his injury was work related.
It is a well-settled principle that the provisions of the workers’ compensation scheme should be liberally interpreted in favor of the worker. Bynum v. Capital City Press, Inc., 96-1395 p. 5-6 (La.7/2/96), 676 So.2d 582, 586.
The standard of review for findings of fact by a hearing officer in a workers’ compensation case is “manifest error,” and it is the appellate court’s duty to determine not whether the factfinder’s conclusion was right or wrong, but whether it was reasonable. Where there are two permissible views of the evidence, a factfin-der’s choice between them can never be manifestly erroneous. Seal v. Gaylord *719 Container Corp., 97-0688, p. 4 (La. 12/2/97), 704 So.2d 1161, 1164.
The Louisiana Supreme Court determined that the same standard of review applicable to factual findings of district courts is also applicable to factual findings of a workers’ compensation judge. Jurisprudence clearly establishes that in workers’ compensation cases, the appropriate standard of review to be applied by appellate courts is the “manifest error-clearly wrong” standard. Banks v. Industrial Roofing & Sheet Metal Works, Inc., 96-2840, p. 7 (La.7/1/97), 696 So.2d 551, 556; Alexander v. Pellerin Marble & Granite, 93-1698, pp. 5-6 (La.1/14/94), 630 So.2d 706, 710; Brown v. Coastal Construction & Engineering, Inc., 96-2705, p. 4 (La.App. 1st Cir.11/7/97), 704 So.2d 8, 10. For an appellate court to reverse a workers’ compensation judge’s factual finding, it must find from the record that a reasonable factual basis does not exist for the finding of the |4workers’ compensation judge or that the record establishes that the finding is clearly wrong. See Stobart v. State, through Department of Transportation and Development, 617 So.2d 880, 882 (La.1993); Mart v. Hill, 505 So.2d 1120, 1127 (La.1987). Thus, the reviewing court must do more than simply review the record for some evidence that supports or controverts the workers’ compensation judge’s finding. The reviewing court must review the record in its entirety to determine whether the workers’ compensation judge’s finding was clearly wrong or manifestly erroneous. See Stobart, supra at 882.
In order to recover workers’ compensation benefits, a worker must first prove that he suffered an injury by an accident arising out of and in the course of his employment. La.R.S. 23:1031(A). An accident is defined as an “unexpected or unforeseen actual, identifiable, precipitous event happening suddenly or violently, with or without human fault, and directly producing at the time objective findings of an injury which is more than simply a gradual deterioration or progressive degeneration.” La.R.S. 23:1021(1).
La. R.S. 23:1031 provides compensation if an employee sustains personal injury as the result of an accident arising out of and in the course of employment. Daspit v. Southern Eagle Sales & Services, Inc., 98-1685 (La.App. 4 Cir. 1/20/99), 726 So.2d 1079. To recover workers’ compensation benefits, an employee must show that he received a personal injury by an accident arising out of and in the course and scope of his employment, and that his injury necessitated medical treatment or rendered the employee disabled, or both. Haws v. Professional Sewer Rehabilitation, Inc. 98-2846 (La.App. 1 Cir. 2/18/00), 763 So.2d 683. The claimant has the burden of proof to establish a work-related injury by a preponderance of the evidence. Daspit, supra. Claimants in a workers’ compensation proceeding have the initial burden of proof as to causation. Dean v. K-Mart Corp., 97-2850 (La.App. 4 Cir. 7/29/98), 720 So.2d 349, unit denied 98-2314 (La.11/13/98), 731 So.2d 265. The workers’ compensation claimant must prove by a preponderance of the evidence that an employment accident had a causal relationship -to the disability; if the testimony leaves the probabilities evenly balanced, the claimant has failed to carry the burden of persuasion. Harvey v. Bogalusa Concrete, Inc., 97-2945 (La.App. 1 Cir. 9/25/98), 719 So.2d 1130. Once the injured employee carries his initial burden of proving a causal connection between the accident and his disabling condition, the burden shifts to the employer to produce evidence that it is more probable than not that the injury was not caused by a work related accident. *720 Burrell v. Evans Industries, 99-1194 (La.App. 5 Cir. 4/25/00), 761 So.2d 618, writ denied 2000-1493 (La.6/30/00), 766 So.2d 545.
The primary issue presented for decision on appeal is whether appellant proved by a preponderance of the evidence, before the OWC, that he had an accident under La. R.S. 23:1031(A). All of the appellant’s assertions are factual issues. The trial court held that “... the testimony of other witnesses and other evidence discredited or cast serious doubt upon Claimant’s version of the alleged accident and events following, and Claimant has failed to prove by a preponderance of the evidence that an accident occurred at work.” Our | (¡examination of the record fails to find testimony or evidence, which directly disputes claimant’s contentions concerning the occurrence of the accident and the injuries that he sustained as a result of this accident.
There were three witnesses called at trial. Mr. Doucette, claimant’s co-worker, testified that on July 16, 2000 while they were changing out a motor, Mr. Dellavalle felt a sharp pain in his chest and neck. Furthermore, he testified that he immediately reported to their team leader, Mr. Ricky Menesses, that Mr. Dellavalle appeared to be in pain immediately after the accident. The second witness, Mr. Me-nesses, testified that he attempted immediately after the accident to get Mr. Del-lavalle to go to the hospital. The final witness Mr. Dellavalle, testified that he experienced pain while he was disconnecting the bolts on the engine. The aggregate of these testimonies clearly establish that an accident happened on July 16, 2000, while Mr. Dellavalle was at work and doing a work related activity.
Although the symptoms may have initially appeared to be cardiac in nature, they later are proven to be the result of two ruptured discs. After the accident, Mr. Dellavalle suffered persistent pain in his chest and neck. Because of his preexisting heart trouble, he reasonably believed that he was suffering cardiac arrest. Mr. Dellavalle testified that after the accident he began to feel numbness in his arm and persistent pain. He also testified that this numbness in his arm and fingers was not present prior to the accident.[4] This condition was eventually diagnosed on September 12, 2000, through the MRI ordered by Dr. Bryant George 17[5], which certified left sided herniations at the C5-6 and C6-7 levels. Surgery was recommended but apparently unable to be performed due to his cardiac condition. Dr. George opined relative to the cause of Mr. Dellavalle hernia-tions that “... we can only relate the occurrence of symptoms to the event that he describes. So if he had the occurrence of radiculopathy following pulling the lug nuts, then I contribute causation to that particular event.” This statement was made with the doctor’s appreciation that Mr. Dellavalle had no pre-accident or post-accident history of a medical condition concerning herniations to compare to the claimant’s current condition.
As further indicia that the accident was not cardiac in nature, Dr. Tampira performed an angioplasty after the accident, but prior to Mr. Dellavalle’s visit to Dr. George, his neurosurgeon. Mr. Della-valle’s angioplasty did not alleviate his pain. It was then that Dr. Tampira ruled out coronary problems and ordered cervi *721 cal and lumbar spine x-rays for Mr. Della-valle. The x-ray results verified two ruptured discs. Immediately thereafter, Dr. Tampira referred Mr. Dellavalle to Dr. George for a neurosurgeon’s opinion.
There is a lack of conflicting evidence presented to the OWC, which would discredit the appellant’s account of his work related accident. Mr. Dellavalle’s co-worker, Stanley Dousette, confirms claimant’s version of the events that transpired on the day of the asserted accident. What initially appeared to be symptomatic of a heart attack later proved to be a disc herniation, which was causally related to the |snature of the activity, to wit, removing bolts from a motor. Mr. Dellavalle sustained a work related injury as a result of this activity, which culminated in injury. Clearly, the claimant proved by a preponderance of the evidence that he had a personal injury by accident arising out of and in the course of his employment. The accident and the causal link between the accident on the job and the injury sustained was established by a preponderance of the evidence in the record before this Court. Contrarily, the defense failed to produce any medical records to indicate that Mr. Dellavalle had ruptured discs pri- or to July 16, 2000. See Walton v. Normandy Village Homes Association Inc., 475 So.2d 320 (La.1985). Dynegy through deposition testimony and cross-examination failed to prove that it was more probable than not that the injury was not caused by a work related accident.
The present case record provides insufficient conflicting testimony or evidence to controvert the appellant’s position. Given the absence of significant controverted evidence it was unreasonable for the OWC judge to conclude that the claimant failed to satisfy his burden of proof. Accordingly, the OWC judge was clearly wrong and manifestly erroneous in his judgment. Therefore, we reverse the OWC judgment and remand the matter to the OWC for further action commensurate with this opinion.
REVERSED AND REMANDED.
TOBIAS, J., DISSENTS WITH REASONS.

. Appellant is not asserting that his cardiac problem is work related nor is it part of his workers’ compensation claim for benefits.

. It appears from the record that the claimant was not officially medically released to return to work on June 22, 2000.

.Apparently, surgery is not a valid option based on the claimant's cardiac condition.

. There is some conflict in the evidence in the record as to whether Mr. Dellavalle had experience some back trouble prior to the accident.

. Dr. George's testimony was submitted through deposition.