h DAVID S. GORBATY, Judge.
Mario Mitchell, in proper person, appeals a decision rendered by the Office of Workers’ Compensation Administration in favor of his former employer, United Parcel Service, Inc. For the following reasons, we affirm.
FACTS AND PROCEDURAL HISTORY:
This claim arises out of an alleged incident occurring on February 2, 2001, in which Mario Mitchell injured his back while working for United Parcel Service, Inc. (UPS). The matter was tried before Judge Clara Toombs, who resigned before rendering a judgment. Judge Gwendolyn Thompson was appointed as a successor, and rendered judgment on December 24, 2002, after reviewing the record and listening to trial tapes. The judgment provides that Mr. Mitchell did not carry his burden of proving that he sustained a work-related accident with injury on February 2, 2001. His claim was dismissed with prejudice.
DISCUSSION:
Mr. Mitchell argues that the record contains proof that he injured his back at work while loading and unloading heavy material. Mr. Mitchell contends that the proof of his work-related injury is his own testimony at trial. He testified that on the day of his accident, he reported his injury to his supervisor, Kurt Brouillette, band to the Health and Safety Supervisor, Keith Sisón. Mr. Mitchell testified that both men told him to soak in a hot bath and to *378 take over-the-counter pain medication, but took no further action.
UPS counters that the factual determinations of the trial court were entirely reasonable in light of the evidence presented and the lack of credibility on the part of Mr. Mitchell. Specifically, UPS contends that Mr. Mitchell’s factual account of the accident and injury was not corroborated by Brouillette, Sisón, or any of the medical evidence.
Louisiana Revised Statute 23:1031 provides for compensation if an employee sustains personal injury as the result of an accident arising out of and in the course of employment. Daspit v. Southern Eagle Sales & Services, Inc., 98-1685 (La.App. 4 Cir. 1/20/99), 726 So.2d 1079. To recover workers’ compensation benefits, an employee must show that he received a personal injury by an accident arising out of and in the course and scope of his employment, and that his injury necessitated medical treatment or rendered the employee disabled, or both. Haws v. Professional Sewer Rehabilitation, Inc., 98-2846 (La.App. 1 Cir. 2/18/00), 763 So.2d 683. The claimant has the burden of proof to establish a work-related injury by a preponderance of the evidence. Daspit, supra. A claimant in a worker’s compensation proceeding has the initial burden of proof as to causation. Dean v. K-Mart Corp., 97-2850 (La.App. 4 Cir. 7/29/98), 720 So.2d 349. The workers’ compensation claimant must prove by a preponderance of the evidence that an employment accident had a causal relationship to the disability; if the testimony leaves the probabilities evenly balanced, the claimant has failed to carry the burden of persuasion. Harvey v. Bogalusa Concrete, Inc., 97-2945 (La.App. 1 Cir. 9/25/98), 719 So.2d 1130. Once the injured employee carries his initial [3burden of proving a causal connection between the work-related accident and his disabling condition, the burden shifts to the employer to produce evidence that it is more probable than not that the injury was not caused by a work-related accident. Burrell v. Evans Industries, 99-1194 (La.App. 5 Cir. 4/25/00), 761 So.2d 618.
Factual findings in workers’ compensation cases are subject to the manifest error or clearly-wrong standard of appellate review. In applying this standard, the appellate court must determine not whether the factfinder was wrong, but whether the factfinder’s conclusion was a reasonable one. Seal v. Gaylord Container Corp., 97-0688 (La.12/02/97), 704 So.2d 1161; Banks v. Industrial Roofing & Sheet Metal Works, 96-2840 (La.7/1/97), 696 So.2d 551, 556. Where there are two permissible views of the evidence, a fact-finder’s choice between them can never be manifestly erroneous or' clearly wrong. Stobart v. State Through Department of Transportation and Development, 92-1328 (La.4/12/93), 617 So.2d 880. Thus, “if the [factfinder’s] findings are reasonable in light of the record reviewed in its entirety, the court of appeal may not reverse, even if convinced that had it been sitting as the trier of fact, it would have weighed the evidence differently.” Sistler v. Liberty Mutual Insurance Co., 558 So.2d 1106, 1112 (La.1990).
After a thorough review of the record, we find the decision of the trial court to be supported by the record in the following particulars:
1. Keith Sisón, the Health and Safety Supervisor, testified by deposition that he specifically asked Mr. Mitchell if he injured his back on the job. Mr. Mitchell replied that his back was bothering him, but that it was not injured at work.
*379 |42. Kurt Brouillette, Mr. Mitchell’s supervisor, testified at trial that he specifically asked Mr. Mitchell if he injured his back on the job. Mr. Mitchell replied that his back was bothering him, but that it was not injured at work.
3. Sisón and Brouillette both denied giving Mr. Mitchell any kind of medical advice.
4. Mr. Mitchell became employed as a truck driver with TCI/Gulf States within one month of leaving UPS. He worked for this company from April 2001 until April 2002.
5. Mr. Mitchell indicated on the TCI/ Gulf States employment application, dated April 20, 2001, that he had no prior injuries or illnesses, and that he did not suffer from chronic low back pain.
6. A representative for TCI/Gulf States testified that Mr. Mitchell’s duties as a truck driver required bending and climbing, and that he was never personally made aware that Mr. Mitchell had a back problem.
7. Mr. Mitchell testified that Dr. Wat-ermeier told him he could not work. However, Dr. Watermeier’s report of September 24, 2001, indicates that Mr. Mitchell could “continue with his regular work activity.”
8. The MRI ordered by Dr. Watermeier was negative.
9. Mr. Mitchell testified that when Dr. Moss performed an independent medical examination for UPS in February 2002, he told Dr. Moss that he had been working. Dr. Moss’s records indicate, however, that Mr. Mitchell told him that he had tried to work but could not. At the time of the examination, Mr. Mitchell was working at TCI/Gulf States.
Considering the foregoing record facts, we cannot say that the trial court was clearly wrong in holding that Mr. Mitchell failed to carry his burden of proving |Bhe was injured in a work-related accident. Accordingly, we affirm the judgment of the trial court.
AFFIRMED.