WALTER J. ROTHSCHILD, Judge.
 

 |2In this worker’s compensation case, the defendants, the New Orleans Saints (“Saints”) and Louisiana Workers’ Compensation Corporation (“LWCC”), appeal the judgment of the worker’s compensation judge finding that the claimant, Jamaal Branch, is entitled to weekly temporary total disability benefits from December 23, 2007 through March 17, 2008. Mr. Branch answered the appeal claiming that the worker’s compensation judge erred in failing to award attorney fees and penalties for the defendants’ refusal to pay indemnity benefits. For the following reasons, we reverse the award of temporary total disability benefits and affirm the denial of claim
 
 *629
 
 ant’s request for attorney fees and penalties.
 

 FACTS AND PROCEDURAL HISTORY
 

 On December 23, 2007, while employed as a professional football player for the Saints, Jamaal Branch suffered a right fibula fracture during an NFL football game against the Philadelphia Eagles, which was the second to last game of the season. Mr. Branch was placed on injured reserve and did not play in the final game that year, but he was paid his entire 2007 contract salary by the Saints.
 

 | aAt trial, Mr. Branch testified that he saw Dr. Timothy Finney after the accident and was placed in a walking boot for approximately one month. He received rehabilitation treatment with the Saints’ trainers, and he also attended some physical therapy sessions in Massachusetts before he was cleared by Dr. Finney to return to “full football activity without restrictions” on March 17, 2008.
 
 [1]
 
 Mr. Branch admitted that he also took a vacation to Mexico after he completed physical therapy.
 

 Mr. Branch testified that after a football season is over, the next year typically begins with off-season workouts in mid to late March. These workouts are not mandatory, but the players are paid for participating in them. Thereafter, there are mandatory mini-camps and then training camp, for which the players are paid, and then pre-season games before the regular football season begins. Mr. Branch stated that after he was released on March 17, 2008 to return to regular football activity, he was able to participate in the optional off-season conditioning workouts when they began on March 17, 2008. He was paid by the Saints for his participation in these workouts and training until he was released from the team in May 2008.
 

 The standard NFL Player Contract signed by Mr. Branch on December 10, 2007 provides that it covers two football seasons and ends on February 28 or 29, 2009, unless extended, terminated, or renewed. At trial, Mr. Branch acknowledged that under his contract with the Saints, he was an employee of the Saints “year round” and not just during the regular playing season. He admitted that from the end of the 2007 regular season until the March 2008 optional workouts began, his contract did not provide that he would be paid for anything during that time. He further admitted that if he had not been injured, he would not have been paid any |,isalary or wages from the Saints from the end of the 2007 season until the March 2008 workouts.
 

 Laura Russette, the Human Resources Coordinator for the Saints, testified that the shortest player contracts are generally for one year. She stated that when a player is signed by the Saints through a contract, he is considered a full-time employee and a team member for the entire year. She indicated that a player’s salary is considered an annual salary and that in addition to playing football, there are other requirements that players must fulfill under their contracts, such as appearances, signing memorabilia, and performing service on the Saints’ internet home page. She testified that these additional activities are not limited to the playing season, though there are certain times when players are not responsible to do anything for the Saints.
 

 Ms. Russette testified that Mr. Branch was paid his entire salary for 2007 and he was paid for the off-season workouts that began in March 2008. She stated that
 
 *630
 
 from the end of the 2007 playing season until the beginning of the March workouts, Saints players are not paid any type of compensation. She further indicated that even if Mr. Branch had not been injured on December 23, 2007, his contract did not provide for any payment to him during the period between the end of the 2007 season and the March 2008 workouts, because the player contracts provide for payment of their salary “through the regular season games and then nothing further.”
 

 At the conclusion of trial, the worker’s compensation judge allowed the parties additional time to submit post-trial memoran-da. Thereafter, on March 25, 2009, the worker’s compensation judge rendered a judgment finding that Mr. Branch is entitled to weekly temporary total disability benefits of $522 from | ¿December 23, 2007 through March 17, 2008.
 
 [2]
 
 She also found that defendants are entitled to a one and a half week credit from December 23, 2007 through December 30, 2007.
 
 [3]
 
 She also ordered all costs to be paid by defendants.
 

 On April 6, 2009, Mr. Branch filed a Motion for New Trial on the issue of the court’s failure to award attorney fees and penalties for defendants’ failure to timely pay compensation benefits. A hearing was held on May 22, 2009, and the worker’s compensation judge denied the Motion for New Trial by judgment dated June 30, 2009.
 

 The Saints and LWCC appeal the award of temporary total disability benefits in the March 25, 2009 judgment. Mr. Branch answered the appeal
 
 [4]
 
 seeking attorney fees and penalties for defendants’ refusal to timely pay benefits, as well as attorney fees and penalties for this appeal.
 

 LAW AND DISCUSSION
 

 On appeal, the Saints and LWCC argue that the worker’s compensation judge erred in determining that Mr. Branch is entitled to temporary total disability benefits from December 23, 2007 through March 17, 2008. They assert that he is not entitled to any worker’s compensation benefits, because even if he was disabled during that time, he did not miss any off-season woi’kouts or other work for the Saints and he did not suffer any wage loss. Further, they contend that Mr. Branch should not have been awarded any benefits for the time period in question, because no Saints players are paid salary under their contracts during that time. They further argue that worker’s compensation benefits are not owed simply because an employee' suffers an injury. Rather, the disabling condition must result |fiin an inability to earn wages the employee would otherwise have been able to earn if he had not suffered the work-related injury.
 

 Mr. Branch responds that the worker’s compensation judge did not err in awarding temporary total disability benefits to him from December 23, 2007 through March 17, 2008, because during that time, he was unable to work and received no pay from the Saints. He further asserts that he was unable to earn 90% of his pre-injury wage because he was unable to perform any of his prior jobs, including professional football, during that time, and no
 
 *631
 
 salary from any of his prior jobs came close to his football income.
 

 A worker’s compensation claimant is not entitled to temporary total disability benefits for the time that he is employed.
 
 Jones v. El Mesero Restaurant,
 
 97-636, p. 4 (La.App. 3 Cir. 10/29/97), 702 So.2d 1133, 1135. A claimant seeking temporary disability benefits must offer clear and convincing evidence that he is unable to engage in any type of employment or self-employment due to his injury. LSA-R.S. 23:1221(1);
 
 Jackson v. Wal-Mart Stores, Inc.,
 
 03-1054 (La.App. 5 Cir. 2/10/04), 868 So.2d 813, 819;
 
 Fassit v. Jefferson Parish Hosp. Serv.,
 
 07-695, p. 5 (La.App. 5 Cir. 12/27/07), 974 So.2d 757, 760. The trial court must weigh all of the evidence in order to determine if the claimant has met his burden.
 
 Ratliff v. Brice Bldg. Co.,
 
 03-624 (La.App. 5 Cir. 11/12/03), 861 So.2d 613, 618. A court of appeal may not overturn a judgment of the worker’s compensation judge absent an error of law or a factual finding which is manifestly erroneous.
 
 Hughes v. New Orleans Saints.and LWCC,
 
 05-712, p. 6 (La.App. 5 Cir. 2/27/06), 924 So.2d 1086, 1090,
 
 writ denied,
 
 06-1008 (La.6/23/06), 930 So.2d 980.
 

 In the present case, the facts are largely undisputed. The issue to be resolved by this Court is whether or not Mr. Branch is entitled to temporary total disability benefits under these facts.
 

 |7The evidence before us reveals that Mr. Branch has not proven that he is entitled to temporary total disability benefits from December 23, 2007 through March 17, 2008. At trial, Mr. Branch acknowledged that he was employed by the Saints “year-round” pursuant to his contract. He admitted that he was paid his entire salary for 2007 and that his contract did not provide that he would receive any payment from the Saints from the end of the 2007 regular season until the March 2008 off-season workouts. Mr. Branch testified that his doctor released him to regular football activity without restrictions on March 17, 2008, and he was able to participate in the optional March workouts, for which he was compensated. He admitted that he would not have received any salary or wages from the Saints during the time in question if he had never been injured.
 

 Ms. Russett testified that Saints players did not receive compensation from the end of the 2007 playing season until the March 2008 workouts, because the player contracts provide for payment of their salary through the regular season, though they are employed by the Saints for the entire term of their contracts.
 

 The NFL Player Contract between Mr. Branch and the Saints, which was signed on December 10, 2007, provides in pertinent part:
 

 .... Player will be paid 100% of his yearly salary under this contract in equal weekly or bi-weekly installments over the course of the applicable regular season period, commencing with the first regular season game played by Club in each season. Unless this contract specifically provides otherwise, if this contract is executed or Player is activated after the beginning of the regular season, the yearly salary payable to Player will be reduced proportionately and Player will be paid the weekly or biweekly portions of his yearly salary becoming due and payable after he is activated.
 

 The testimony and evidence clearly demonstrate that although Mr. Branch sustained a work-related injury, he remained employed by the Saints during the |stime for which he seeks compensation benefits and he was paid the same salary and
 
 *632
 
 wages that he would have received if he had not been injured.
 

 Mr. Branch testified regarding his employment history prior to playing professional football. He also stated that he was unable to perform any of his prior jobs, including professional football, while he was injured, and he could not earn 90% of his pre-injury wage. However, there was no evidence to show that he would have returned to any of these prior jobs or obtained other employment during the period between the end of the 2007 season and March 17, 2008. Further, Mr. Branch could not have played professional football during this time anyway, because his contract prohibited him from playing football or engaging in activities related to football, other than for the Saints, and from engaging in any activity other than football which may involve a significant risk of personal injury. Mr. Branch has failed to show that he would have earned additional income if he had not suffered a work-related injury.
 

 The purpose of worker’s compensation benefits is to compensate or indemnify an employee for his inability to earn wages that he would have been able to earn if a work-related injury had not occurred. Under the facts of this case, Mr. Branch is clearly not entitled to worker’s compensation benefits, which would be more compensation than he would have received without any injury and more than other Saints players would have received during the off-season.
 
 [5]
 
 Accordingly, based on the testimony, evidence, and applicable law, we find that the worker’s compensation judge erred in awarding temporary total disability benefits to the claimant, and we reverse and vacate this award.
 

 | ¡|In his Answer to the appeal filed by the Saints and LWCC, Mr. Branch contends that the worker’s compensation judge erred by failing to award penalties and attorney fees due to the defendants’ failure to timely pay indemnity benefits, in accordance with LSA-R.S. 23:1201(F). The Saints and LWCC respond that no attorney fees or penalties were owed because Mr. Branch’s claims were reasonably controverted.
 

 When an employer has failed to pay worker’s compensation benefits, the proper standard of review for that decision is whether the employer reasonably controverted the claim.
 
 Brown v. Texas-LA Cartage, Inc.,
 
 98-1063, p. 8 (La.12/1/98), 721 So.2d 885, 889. A claim for worker’s compensation benefits is reasonably controverted if the employer has some valid reason or evidence upon which to base his denial of benefits.
 
 Arias v. Certified Coating, Inc.,
 
 05-446, p. 6 (La.App. 5 Cir. 2/14/06), 924 So.2d 298, 302. The assessment of penalties and attorney fees by the worker’s compensation judge is a factual question which is not to be disturbed on appeal in the absence of manifest error.
 
 Redler v. Giorlando’s Restaurant Corp.,
 
 07-658, p. 6 (La.App. 5 Cir. 2/6/08), 979 So.2d 512, 516,
 
 writ denied,
 
 08-863 (La.6/6/08), 983 So.2d 925.
 

 Considering our finding that the claimant is not entitled to temporary total disability benefits and based on our review of the evidence, we find that the worker’s compensation judge did not err in denying the claimant’s request for penalties and
 
 *633
 
 attorney fees. Thus, this argument is without merit.
 

 DECREE
 

 For the foregoing reasons, we reverse the award of total temporary disability benefits in the March 25, 2009 judgment, and we affirm the denial of claimant’s request for attorney fees and penalties.
 

 REVERSED IN PART; AFFIRMED IN PART.
 

 [1]
 

 . The parties stipulated at trial that Mr. Branch received all reasonable and necessary medical treatment related to his injury and there were no outstanding medical bills.
 

 [2]
 

 . The parties stipulated at trial that if any indemnity benefits were owed, it would be at the rate of $522 per week.
 

 [3]
 

 . The parties agree that defendants are entitled to a one and one-half week credit pursuant to the NFL Collective Bargaining Agreement.
 

 [4]
 

 .Mr. Branch filed a Motion for Appeal in die worker’s compensation court on August 13, 2009, but thereafter, he filed an Answer to defendants' appeal and an "appellee brief.”
 

 [5]
 

 . We specifically note that we are not saying that Mr. Branch would not have been entitled to worker's compensation benefits if he had been unable to participate in off-season conditioning workouts or other training for which compensation is given in additional to the salary that is paid out over the regular season. Rather, we are saying that since he did not miss any work or compensation that he would otherwise have received, he is not entitled to worker’s compensation benefits under the facts presented.