MADELEINE M. LANDRIEU, Judge.
| jX-Cel Air Conditioning, Inc. seeks review of the judgment rendered by the Office of Workers’ Compensation judge finding that the claimant, Scott Hahn, was in the course and scope of his employment with X-Cel when he was injured in an automobile accident and that the injuries he sustained were such that he was entitled to indemnity benefits, medical benefits, and attorney’s fees. For the reasons set forth below, we affirm.
PROCEDURAL HISTORY
X-Cel Air Conditioning, Inc. filed a Disputed Claim for Compensation, Form 1008 with the Louisiana Office of Worker’s Compensation seeking a determination that its employee, Scott Hahn, was not in the course and scope of his employment when he was involved in an automobile accident. Mr. Hahn answered and filed a cross Disputed Claim for Compensation, Form 1008 alleging that he was in the course and scope of his employment; that he sustained multiple injuries in the automobile accident; and that he was entitled to indemnity benefits, medical benefits, and attorney’s fees. Following a trial, the Office of Workers’ Compensation judge rendered judgment in favor of Mr. Hahn. It is from this judgment that X-Cel appeals.
*265 1 .FACTS
Scott Hahn was employed by X-Cel Air Conditioning, Inc. as an office manager at the company headquarters in Mandeville, Louisiana. At the time of the accident at issue, Mr. Hahn lived in Diamondhead, Mississippi and commuted daily to his job. In addition to his base salary, X-Cel paid Mr. Hahn $250 monthly to compensate him for the cost of fuel used in his private vehicle.
Mr. Hahn testified that on the morning of October 27, 2009, at his employer’s direction, he picked up a co-worker, Will Bryant, in Long Beach, Mississippi and was driving him to a job site in Metairie, Louisiana. En route to the job site, they were involved in an automobile accident in New Orleans East. Mr. Hahn went to the emergency room at Ochsner Medical Center the next day, complaining of pain in both of his ankles, his left knee, his left wrist, and his back.
After his emergency room visit, Mr. Hahn sought treatment on November 2, 2009 from his internist, Dr. Gloria Kang, complaining of back pain, left wrist pain, left knee pain, and bilateral ankle pain. At this visit, Dr. Kang diagnosed Mr. Hahn with a lumbar strain/sprain, left wrist sprain, left knee contusion, right ankle sprain, and left ankle sprain. He continued treatment with Dr. Kang through April of 2010, at which time due to his continued complaints of pain, she referred him to an orthopedist, Dr. Kenneth Adat-to. Dr. Adatto testified that as part of his evaluation of Mr. Hahn’s injuries, he ordered an MRI of Mr. Hahn’s lumbar spine. This MRI showed a herniated disc at the L4-5 level. Dr. Adatto first attempted to alleviate Mr. Hahn’s pain through injections. When this was unsuccessful, Dr. Adatto recommended that Mr. Hahn undergo an anterior lumbar fusion in an attempt to correct the problem and thereby relieve his back pain.
Is At trial, Mr. Hahn contended that he is due indemnity and medical benefits. He maintained that he was injured while in the course and scope of his employment with X-Cel, as he was driving Mr. Bryant to a job site at the specific instruction of his employer, Mr. Roland Mayeaux. Mr. Mayeaux testified that he did not instruct Mr. Hahn to transport Mr. Bryant, and that Mr. Hahn was not in the course and scope of his employment when he was involved in the accident. He asserted that Mr. Hahn was voluntarily pursuing a mission without the instruction or permission of his employer.
With respect to benefits, X-Cel argued that Mr. Hahn delayed seeking benefits and that this supports its position that his injuries are unrelated to this accident. Mr. Hahn testified that he did not initially seek workers’ compensation benefits for two reasons: first, because he thought that the injuries would heal and he would not need to file for benefits; and second, because he thought that if he filed, he would be fired from X-Cel. To support this second assertion, Mr. Hahn maintained that after the accident, beginning in April 2010, Mr. Mayeaux made the work environment hostile to him, changed Mr. Hahn’s pay from salaried to hourly, reduced his hours, and ultimately, “told him to leave” in June of 2011.
Mr. Mayeaux admitted that he changed Mr. Hahn’s status to that of an hourly employee and then cut his hours. He explained that the reason for this change was due to a slow-down in business at X-Cel. Mr. Mayeaux further asserted that Mr. Hahn turned down two full-time positions, one offered in December 2010 for a full-time sales position on the Gulf Coast, and the other offered in July 2011 for a full-time position with benefits in Baton *266 Rouge. Mr. Hahn testified that he turned down the sales position because he was physically |4unable to handle the job, and that he never received the offer for the Baton Rouge job.
The workers’ compensation judge found that Mr. Hahn was in the course and scope of his employment at the time of the accident and X-Cel does not contest this finding on appeal. Rather, X-Cel asserts that Mr. Hahn has failed to prove that his back injury and subsequent need for surgery are related to the October 27, 2009 accident. X-Cel further asserts that Mr. Hahn failed to prove that he was entitled to either temporary total disability benefits or supplemental earnings benefits, and that the workers’ compensation judge erred in awarding attorneys’ fees.
ISSUES
I. Whether Mr. Hahn proved by a preponderance of evidence that his back injury and corresponding surgery recommendation were causally related to the October 27, 2009 accident;
II. Whether Mr. Hahn proved by clear and convincing evidence that he was entitled to temporary total disability benefits and, alternatively, whether he proved by a preponderance of evidence that he was entitled to supplemental earnings benefits;
II. Whether Mr. Hahn was entitled to an award of attorney’s fees.
STANDARD OF REVIEW
It is well settled that factual findings in workers’ compensation cases are subject to the manifest error or clearly wrong standard of appellate review. Winford v. Conerly Corp., 2004-1278, p. 15 (La.3/11/05), 897 So.2d 560, 569; Masinter v. Akal Sec., 2005-1236, p. 3 (La.App. 4 Cir. 6/7/06), 934 So.2d 201, 204. In applying the manifest error standard, the appellate court must determine not whether the fact finder was right or wrong, but whether the fact finder’s conclusion was a reasonable one. Bell v. Mid City Printers, Inc., 2010-0818, p. 7 (La.App. 4 Cir. 12/22/10), 54 So.3d 1226, 1232 (citing Banks v. Industrial Roofing & Sheet Metal Works, Inc., 96-2840, p. 6 (La.7/1/97), 696 So.2d 551, 556). Thus, if the evidence contained in the record on appeal supports the factual determinations of the trier of fact, we are required to affirm the findings.
DISCUSSION
I. The workers’ compensation judge did not err in finding that Mr. Hahn proved by a preponderance of evidence that his back injury and corresponding surgery recommendation were causally related to the October 27, 2009 accident.
Claimants in a workers’ compensation proceeding have the initial burden of proof as to causation. Dean v. K-Mart Corp., 97-2850, p. 3(La.App. 4 Cir. 7/29/98), 720 So.2d 349, 352. To recover workers’ compensation benefits, an employee must show by a preponderance of the evidence that he received a personal injury by an accident arising out of and in the course and scope of his employment. Hoy v. Gilbert, 98-1565 (La.3/2/99), 754 So.2d 207, 209. He must also show that his injury necessitated medical treatment or rendered the employee disabled, or both. Thibodeaux v. Sewerage & Water Bd. of New Orleans, 2001-0713, p. 3 (La.App. 4 Cir. 3/6/02), 812 So.2d 843, 845. Once the injured employee carries his initial burden of proving a causal connection between the accident and his disabling condition, the burden shifts to the employer to produce evidence that it is more probable than not that the injury was not caused by a work related accident. Id. at pp. 3-4, 812 So.2d at 845.
*267 X-Cel contends that Mr. Hahn’s lack of complaints of back pain at doctor visits between December 2009 and April 2010 precludes a finding of causation. We disagree.
In the instant case, in his reasons for judgment, the workers’ compensation judge specifically found that Mr. Hahn was in the course and scope of his | fiemployment and on a specific mission for his employer when he was involved in the automobile accident on October 27, 2009. See, McLin v. Industrial Specialty Contractors, Inc., 2002-1539, pp. 9-10 (La.7/2/03) 851 So.2d 1135, 1143. X-Cell does not raise this issue on appeal. X-Cel does, however, challenge the finding of the workers’ compensation judge that Mr. Hahn’s injuries are causally related to this accident and that he is entitled to the benefits awarded to him.
At trial, Mr. Hahn presented the testimony (reports) of his treating physicians, Dr. Kang and Dr. Adatto, both of whom treated Mr. Hahn for his injuries. X-Cel introduced into evidence the report of Dr. Gordon Nutik, an orthopaedist who was retained by X-Cel to provide them with a Second Medical Opinion. Dr. Nutik reviewed Mr. Hahn’s medical records and examined Mr. Hahn on one occasion. The Workers’ Compensation Judge explicitly found that “the medical evidence, especially that of the treating physician and orthopedic surgeon, Dr. Kenneth Adatto, clearly shows Hahn’s current back injury, condition, is as a result of the work-related automobile accident of October 27, 2009
The Workers’ Compensation Judge found that Mr. Hahn carried his burden of proof that he was injured while in the course and scope of his employment and that this injury necessitated medical treatment. The burden then shifted to X-Cel to prove that it was more probable than not that the injury was not caused by a work-related accident. The workers’ compensation judge found that X-Cel failed to carry this burden.
As a general rule the testimony of a treating physician should be accorded greater weight than that of a physician who examines a patient only once or twice. Duplessis v. Tulane University Medical Center, 2010-0267, p. 8 (La.App. 4 Cir. 8/25/10), 47 So.3d 992, 997; Williams v. Wal-Mart Stores, Inc., 2000-0863, p. 6 (La.App. 4 Cir. 5/16/01), 787 So.2d 1134, 1137. The trial judge found the testimony of the treating physicians to be more persuasive than that of the SMO of Dr. Nutik. We do not find that the trial judge’s ruling was manifestly erroneous or clearly wrong. This assignment of error is without merit.
II. Mr. Hahn proved by a preponderance of evidence that he was entitled to supplemental earnings benefits.
In this case, the Workers’ Compensation Judge rendered judgment in favor of Mr. Hahn “for indemnity benefits from the date of the accident through present and beyond, subject to any credit the defendants may be entitled.” The Workers’ Compensation Judge did not delineate whether Mr. Hahn was entitled to temporary total disability benefits or supplemental earnings benefits. Therefore, we must determine whether either type of benefits is available to Mr. Hahn in this case.
Louisiana Revised Statute 23:1221(1)(c) provides that a claimant who seeks workers’ compensation benefits on the basis that he is temporarily totally disabled must prove by clear and convincing evidence, unaided by any presumption of disability, that he is physically unable to engage in any employment or self-employment, regardless of its nature, including *268 employment while working in pain. Williams v. Children’s Hospital, 2007-0464, p. 3 (La.App. 4 Cir. 1/23/08), 996 So.2d 291, 293. Mr. Hahn did not present any evidence suggesting that he was totally disabled from work. Dr. Kang restricted him to light duty, and Dr. Adatto restricted him from heavy lifting. Mr. Hahn continued to work at X-Cel after the accident. Thus, he has failed to prove that he is entitled to temporary total disability benefits.
| ^Supplemental earnings benefits are intended to compensate the injured employee for the wage-earning capacity he has lost as a result of an accident. Bolton v. Grant Parish School Bd., 98-1430, p. 5 (La.3/2/99), 730 So.2d 882, 885-886; Banks v. Industrial Roofing & Sheet Metal Works, Inc., 96-2840 (La.7/1/97), 696 So.2d 551. An employee is entitled to receive supplemental earnings benefits if he sustains a work-related injury that results in his inability to earn ninety percent or more of his pre-accident wage. La. R.S. 23:1221(3)(a); Id. Supplemental earnings benefits are considered a lesser included element of temporary total disability benefits. Bolton at p. 5, 730 So.2d at 886. The employee bears the burden of proving by a preponderance of the evidence that the injury resulted in his inability to earn that amount. Daigle v. Sherwin-Williams Co., 545 So.2d 1005, 1007 (La.1989).
As in Bolton, Mr. Hahn did not specifically present evidence that he was unable to earn ninety percent or more of his pre-accident wage. However, he presented evidence that X-Cel changed his work status to hourly, cut his hours, and then let him go. Mr. Mayeaux, on behalf of X-Cel, contends that the company offered Mr. Hahn two jobs which Mr. Hahn turned down. Mr. Hahn testified that he was only offered a sales position on the Gulf Coast, and that he was physically unable to perform the duties that this job would entail. He testified that as a salesman, he would have to climb ladders, go on roofs, and climb over I-beams and duct-work in order to bid jobs. Mr. Mayeaux testified that Mr. Hahn could use service technicians to look at the jobs and that Mr. Hahn could then quote the jobs |9based on the information received from the technicians. The Workers’ Compensation Judge determined that considering the totality of the testimony presented, Mr. Hahn’s testimony was the most credible. The Workers’ Compensation Judge further noted that Mr. Mayeaux presented no evidence to support X-Cel’s position. X-Cel has failed to carry its burden on this issue.
We find that Mr. Hahn is entitled to supplemental earnings benefits.
III. Mr. Hahn is entitled to an award of attorney’s fees.
Louisiana Revised Statute 23:1201(F) states in pertinent part, “Failure to provide payment in accordance with this Section ... shall result in the assessment of a penalty ... for each day in which any and all compensation or medical benefits remain unpaid ... together with reasonable attorney fees ...” (Emphasis ours.) Neither party has appealed the fact that the workers’ compensation judge did not assess any penalties. As such, we will not review whether penalties were warranted.
The record in this case is void of any evidence of any payments made to Mr. Hahn. The only reference to any payment made is in the judgment which states that the award of indemnity benefits is “subject to any credit the defendants may be entitled.” Mr. Hahn asserts that the Workers’ Compensation Judge’s award of $5,000.00 in attorney’s fees is warranted as X-Cel failed to reasonably controvert Mr. Hahn’s claim for benefits.
*269 The determination of whether an employer in a workers’ compensation case should be cast with penalties and attorney fees is essentially a question of fact Imsubject to the manifest error or clearly wrong standard of review. Avenue Surgical Suites v. Jo Ellen Smith Convalescent Ctr., 2011-0026, p. 12 (La.App. 4 Cir. 5/18/11), 66 So.3d 1103, 1111 (citing James v. A & B Builders, 09-0781, p. 8 (La.App. 1 Cir. 10/23/09), 29 So.3d 541, 546).
When an employer has failed to pay worker’s compensation benefits, the proper standard of review for that decision is whether the employer reasonably controverted the claim. Branch v. New Orleans Saints, 2009-910, p. 9 (La.App. 5 Cir. 2/23/10), 31 So.3d 627, 632, writ denied, 2010-0769 (La.6/4/10), 38 So.3d 304. A claim for worker’s compensation benefits is reasonably controverted if the employer has some valid reason or evidence upon which to base his denial of benefits. Id.
In Brown v. Texas-LA Cartage, Inc., 98-1063 (La.12/1/98), 721 So.2d 885, 890, the Louisiana Supreme Court held that statutory penalties and attorney’s fees shall be awarded if the employer or insurer fails to timely pay benefits due the claimant pursuant to La. R.S. 23:1201 unless: (1) the claim is reasonably controverted or (2) such nonpayment results from conditions over which the employer or insurer had no control. In order to reasonably controvert a claim, the defendant must have some valid reason or evidence upon which to base his denial of benefits. Id. Thus, to determine whether the claimant’s right has been reasonably controverted, thereby precluding the imposition of penalties and attorney fees under La. R.S. 23:1201, a court must ascertain whether the employer or his insurer engaged in a nonfrivolous legal dispute or possessed factual and/or |,,medical information to reasonably counter the factual and medical information presented by the claimant throughout the time he refused to pay all or part of the benefits allegedly owed. Id.
The question, therefore, is whether X-Cel possessed factual and/or medical information to reasonably controvert Mr. Hahn’s claim for timely and accurate payment of benefits. The Workers’ Compensation Judge found that Mr. Mayeaux did not present a valid reason or evidence upon which to base denial of benefits to Mr. Hahn. In his reasons for judgment, the Workers’ Compensation Judge determined that Mr. Mayeaux was not a credible witness. He also clearly discounted Mr. Mayeaux’s testimony that he never directed Mr. Hahn to give Mr. Bryant a ride to work and that he never gave Mr. Hahn permission to use his private vehicle for company business at any time. After a thorough review of the record, we cannot say that the workers’ compensation judge was manifestly erroneous or clearly wrong in awarding Mr. Hahn attorney’s fees.
CONCLUSION
For the foregoing reasons, the judgment of the trial court is affirmed.
AFFIRMED